UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENT BROWN,

        Plaintiff,                              Case No. 5:16-cv-12362
                                                 District Judge Judith E. Levy
v.                                               Magistrate Judge Anthony P. Patti

S. RIVARD, *et al.*,

        Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 27) AND GRANTING HIS REQUEST FOR EXTENSION OF PAGE LIMIT (DE 29)

This matter is before the Court for consideration of Plaintiff Trent Brown's motion for appointment of counsel (DE 27) and his request for extension of page limit (DE 29). For the reasons that follow, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE** to renewal after a summary judgment ruling and his motion to extend page limit is **GRANTED**.

### I.    BACKGROUND

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings claims under 42 U.S.C. § 1983, alleging that Defendants engaged in excessive force, defamation, conspiracy, retaliation, and conversion stemming from an incident

1

when Defendant Barnes, a correctional officer at the St. Louis Correctional Facility, tased him in his cell.

Plaintiff filed the instant motion on March 7, 2017, asking the court to appoint an attorney in this civil matter for four main reasons. (DE 27.) First, Plaintiff contends that he is unable to afford private counsel. Second, he asserts that the issues involved in this case are complex in nature. Third, he outlines his attempts to obtain private counsel and explains that they have been unsuccessful. Finally, he notes that he is a prisoner with limited knowledge of the law and no experience with litigation.

## II.  ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court **may request** an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to **recruit counsel** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750

F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

to represent him or herself.  *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a request for appointment of counsel at this time.  Plaintiff contends that the expertise of an attorney would be helpful to litigate his case, but that he has not been able to find an attorney on his own.  Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances.  The claims in Plaintiff's complaint are not particularly complex, involving an allegation of excessive use of force and subsequent retaliation, as well as intentional tort claims (defamation, conversion).  Moreover, Plaintiff has on several occasions illustrated his ability to articulate his claims and adequately communicate his requests to the Court in a clear and well-organized manner, and with appropriate legal citation.  For example, when he initially filed his complaint, there were several pages that were illegible because of copying issues.  Defendants filed a motion for more definite statement, and Plaintiff promptly corrected the issue, causing the Court to deny Defendants' motion as moot.  (DE 24.)  Additionally, Plaintiff's complaint, his response to Defendants' motion for summary judgment, and the instant motion are admirably

well organized and contain citation to relevant legal authorities. Even his request to extend the page limit contains citations to the relevant local rules.

Finally, there is currently a motion for summary judgment pending in this case. Plaintiff has already filed his response. As this is a civil case in which Plaintiff is seeking only monetary damages and declaratory relief, there is no danger that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this case.

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.** (DE 27.) Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

Additionally, Plaintiff's motion to extend page limit for his response to Defendants' motion for summary judgment is **GRANTED**.[2] (DE 29.)

**IT IS SO ORDERED.**

Dated: March 14, 2017                s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's response consists of a 25-page affidavit, followed by a 55-page brief. (DE 28.) Although the Court would normally not allow such a significant page extension, Plaintiff's entire response is handwritten in large print and therefore takes up more space than a typed brief.

5

I hereby certify that a copy of the foregoing document was sent to parties of record on March 14, 2017, electronically and/or by U.S. Mail.

>                          s/Michael Williams
>                          Case Manager for the
>                          Honorable Anthony P. Patti