UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENT BROWN,

   Plaintiff,         Case No. 5:16-cv-12362
                 District Judge Judith E. Levy
v.                 Magistrate Judge Anthony P. Patti

S. RIVARD, *et al.*,

   Defendants.
_____/

## **ORDER CONDITIONALLY GRANTING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF AN ATTORNEY (DE 37)**

On July 11, 2017, Plaintiff filed a second motion asking the Court to request counsel on his behalf. He asserts that he is isolated in confinement and therefore unable to access the law library. The only remaining Defendant in this action, S. Barnes, has not responded to the instant motion.

Plaintiff has filed one previous motion for the appointment of counsel (DE 27), which was denied without prejudice. Since that time, Plaintiff has survived Defendants' motion for summary judgment, albeit with many of his claims dropped and all but one named Defendant dismissed. However, Plaintiff's relative success in dispositive motion practice thus far, along with his inability to access the law library or participate in discovery, persuades me that appointment of

counsel in this instance would be appropriate.[1]  Accordingly, his request for appointment of counsel is **CONDITIONALLY GRANTED**.  This case is hereby referred to the Court's *pro bono* administrator.  If an attorney is found who will agree to represent Plaintiff in this case, an order of appointment will be entered.

**IT IS SO ORDERED.**


Dated: August 16, 2017                         s/Anthony P. Patti
                                               Anthony P. Patti
                                               UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on August 16, 2017, electronically and/or by U.S. Mail.

                                               s/Michael Williams
                                               Case Manager for the
                                               Honorable Anthony P. Patti

---

[1] Although Plaintiff styles his request as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings IFP are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)."  *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").