UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRENT BROWN #210522,

      Plaintiff                           Case No. 5:16-CV-12362
                                           District Judge Judith Levy
v.                                        Magistrate Judge Anthony P. Patti

STEPHEN BARNES,

      Defendant.
_____/

# ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AND FOR ORDER ENJOINING RESTITUTION (DE 53)

Pending is Plaintiff's April 10, 2018 motion to compel and for order enjoining restitution, and Defendant Stephen Barnes' response. (DEs 53, 54.) Plaintiff filed the instant lawsuit alleging, in relevant part, that Defendant Barnes "defamed" him by filing a false misconduct report regarding a physical altercation in his cell, and thus violated his Fourteenth Amendment due process rights. (DE 1, ¶ 51, "Relief Requested" ¶ 2.) Plaintiff's motion seeks an order compelling production of video footage of the altercation to the Court for *in camera* review in conjunction with a determination on the parties' pending summary judgment motions. The motion also seeks to compel Defendant to provide Plaintiff with a free copy of his deposition transcript. Finally, the motion seeks an order enjoining the restitution award. (DE 53.)

First, for the reasons set forth in the Court's report and recommendation on the parties' motions for summary judgment (DE 57), Plaintiff's motion to compel production of the video footage for in camera review is **DENIED**. In its motion for summary judgment, Defendant offered to provide video footage to the court for *in camera* review. (DE 49 at 7, n.1.) However, as the Court explained in its report and recommendation, because it "do[es] not have jurisdiction to relitigate *de novo* the determinations made in prison disciplinary hearings," *Mullins v. Smith*, 14 F.Supp.2d 1009, 1012 (E.D. Mich. 1998), and because there is "some evidence" in the record supporting the hearing officer's findings, the Court's independent review of the video evidence—which the hearing officer reviewed and expressly found "does support the charge"—is not necessary for the Court's ruling on the pending motions for summary judgment.

Second, Plaintiff's motion to compel production of a copy of his deposition transcript is **DENIED**. Plaintiff is responsible for his own litigation expenses, including a copy of his deposition transcript. *See, e.g., Green v. Miller*, No. 2:13-CV-14247, 2015 WL 1014914, at *2 (E.D. Mich. Mar. 9, 2015) ("'An indigent plaintiff bears his own litigation expenses.'") (quoting *Dujardine v. Mich. Dep't of Corrs.*, No. 1:07-cv-701, 2009 WL 3401172, at *1 (W.D. Mich. Oct. 19 2009)); *see also Taylor v. Burt*, No. 1:16-cv-9, 2017 WL 4271747, at *4 (W.D. Mich. May 24, 2017) (defense counsel properly denied plaintiff's request that defendant

provide him, at no cost a copy of his deposition transcript), *report and recommendation adopted*, 2017 WL 4238919 (W.D. Mich. Sept. 25, 2017). Further, Defendant did not introduce or otherwise rely upon Plaintiff's deposition testimony in support of its motion for summary judgment, and Plaintiff has not demonstrated that his deposition transcript was necessary for determination of his or Defendant's motions for summary judgment.

Finally, Plaintiff's motion for an order enjoining the award of restitution is **DENIED**, for the reasons stated in my most recent report and recommendation. (DE 57.) The potential sanction of restitution is disclosed in the MDOC policy directive regarding prisoner discipline, which clearly states that restitution is one of four sanctions the hearing officer may impose upon a finding of guilt for a Class I Misconduct, MDOC Policy Directive 03.03.105 (effective April 9, 2010), Attachment D Disciplinary Sanction, and the Court found in its report and recommendation that the restitution award here does not implicate a protected liberty or property interest and that the award was neither atypical nor arbitrary.

**IT IS SO ORDERED.**

Dated: June 25, 2018        s/Anthony P. Patti
                            Anthony P. Patti
                            UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on June 25, 2018, electronically and/or by U.S. Mail.

                                            s/Michael Williams
                                            Case Manager for the
                                            Honorable Anthony P. Patti