# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Trent Brown,

                Plaintiff,

Case No. 16-12362

v.

Judith E. Levy
United States District Judge

S. Rivard, M. McCullick, K. Parsons, F. Williams, and S. Barnes,

Mag. Judge Anthony P. Patti

                Defendants.

_____/

**OPINION AND ORDER ADOPTING
THE REPORT & RECOMMENDATION [57], DENYING
PLAINTIFF'S OBJECTIONS [62, 63], DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [46] AND
GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [49]**

This is the second report and recommendation in this case. The first Report and Recommendation was adopted, granting defendants' summary judgment motion as to all of plaintiff Trent Brown's claims except his due process defamation claim against defendant Stephen Barnes. (Dkt. 39 at 19.) The parties then filed cross-motions for summary judgment on the remaining claim. (Dkts. 46, 49.) The Magistrate Judge

issued the second Report and Recommendation (Dkt. 57) and denied plaintiff's motion to compel and for enjoining restitution (Dkt. 53). (Dkt. 58.) Plaintiff submitted objections to this Report and Recommendation (Dkt. 62) and the order denying his motion to compel and for enjoining restitution. (Dkt. 63.)

## I.   Background

The Court adopts the factual background set forth in the Report and Recommendation, except as otherwise noted:

a. June 17, 2014 altercation

On June 17, 2014, Plaintiff had a physical altercation in his cell with another prisoner, his "bunkie," which Defendant Barnes discovered during his rounds. (DE 1, ¶¶ 12-14.) Plaintiff was sitting on top of the other prisoner and Barnes aimed his electronic control device (ECD) or taser at the men, while instructing them to separate. (*Id.* ¶¶ 14-15.) Plaintiff asserts that he was unable to follow Barnes' order because his bunkmate was holding him down, and that he attempted to make this known by repeatedly stating "he's holding me." (*Id.* ¶ 16) Barnes then tased Plaintiff for "approximately 10 to 20 seconds." (*Id.* ¶ 17.) Plaintiff was subsequently handcuffed and escorted out of the housing unit. (*Id.* ¶ 18.)

The other prisoner was seen first by the St. Louis Correctional Facility's healthcare staff and then was sent to a local hospital via ambulance due the severity of his head injuries. The other prisoner's medical bills totaled $8,936.63. (*Id.* at 52.)

## b. Misconduct report

Following the incident, Barnes issued a major misconduct to Plaintiff for Assault Resulting in Serious Physical Injury (Inmate Victim). (*Id.*; DE 49-2.) In the report, Barnes stated that he saw Plaintiff [sic] of top of another prisoner and that Plaintiff had his "hands wrapped around" the other prisoner's neck. Barnes further reported that he ordered Plaintiff to get off the other prisoner, that Plaintiff refused to comply with that order, and that he then deployed his ECD. (DE 1 at 52.)

Plaintiff alleges that six days later, while standing in front of Plaintiff's cell, Barnes admitted that he "'couldn't see' the placement of Plaintiff's hands, for the 'desk was in the way,'" and that Barnes also informed Defendants Rivard and McCullick that Plaintiff and his cellmate "'were grabbing' one another's 'arms' during his observance" and "that 'the sergeant made me do it!' in reference to the false report issuance." (*Id.* ¶¶ 20-24.)

## c. Misconduct report hearing

On June 26, 2014, an administrative hearing was conducted on the major misconduct report issued by Barnes. The hearing officer reviewed the report with Plaintiff, along with a number of memoranda and statements from other individuals. (DE 1 at 54.) A critical incident report and five medical bills for the other prisoner were marked confidential, and the hearing officer informed Plaintiff that he had also previously reviewed two videos of the incident and a confidential witness (CW) statement, all marked confidential for security purposes. (*Id.*) At the hearing, Plaintiff argued that he is not guilty and that he never "had [the other prisoner] around the neck and [he] never hit him," but rather that "he was grabbed and held to the ground," "it was horseplay," and "we were wrestling." (*Id.*) Plaintiff further

claimed that Barnes later admitted that he could not see Plaintiff's hands. (*Id.*)

The hearing officer found that the video evidence supports the misconduct charge, and that it showed Plaintiff on top of the other prisoner with his hands close to the other prisoner's neck, and that when he was told to get off the other prisoner, Plaintiff did not do so and "had to be tazed by staff with a ECD." (DE 1 at 54.) The hearing officer further expressly found that Barnes "observed [Plaintiff] on top of prisoner Jackson on his bed with his hands wrapped around prisoner Jackson's neck choking him[,] which is consistent with the confidential witness statement and found credible," and that Plaintiff's allegation that "this was horseplay" "is not logical because prisoner Jackson had head injuries and 8,936.63 in medical bills." (*Id.*) The hearing officer awarded restitution in the amount of $8,936.63 to be paid by Plaintiff to the State of Michigan for injuries to the other prisoner, as well as 10 days of detention and 30 days loss of privileges. (*Id.*)

d. Grievance 807-27a

On June 24, 2017, Plaintiff submitted a Step 1 grievance based on Barnes' allegedly false misconduct report. The grievance was denied on procedural grounds because it was directly related to the misconduct hearing, and this denial was affirmed through the three-step grievance procedure. (DE 25-3 at 16-20.) This Court previously found that Plaintiff's due process defamation claim against Barnes was properly exhausted through Grievance 807-27a. (DE 33 at 11-12; DE 39 at 9.)

(Dkt. 57 at 2-6.)

After the first Report and Recommendation was adopted, the parties engaged in discovery on the remaining due process defamation

claim. Plaintiff argued that defendant lied in his misconduct report by saying plaintiff's hands were around the other inmate's neck and defamed plaintiff, resulting in a guilty determination and a restitution order. The parties filed cross-motions for summary judgment (Dkts. 46, 49.) The Magistrate Judge issued the Report and Recommendation, finding that plaintiff's due process defamation claim failed as a matter of law; declining to address defendant's qualified immunity argument; recommending that the Court decline to exercise supplemental jurisdiction over state claims; and recommending that the Court decline plaintiff's requests for evidentiary and monetary sanctions. (Dkt. 57.) The Report and Recommendation stated that objections must be filed within fourteen days of service, or by July 9, 2018. (*Id.* at 29.) The Magistrate Judge denied plaintiff's motion to compel video footage of the tazing and enjoin the award of restitution the same day he issued the Report and Recommendation. (Dkt. 58.)

## II.  Legal Standard

A party may object to a Magistrate Judge's order on a nondispositive pretrial matter and to a report and recommendation on dispositive motions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a)-(b). A

district judge must resolve those objections. § 636(b)(1)(para); Fed. R. Civ. P. 72(a)-(b). District courts review objections to nondispositive pretrial motions under a "clearly erroneous or contrary to law" standard, § 636(b)(1)(A); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), and objections to a report and recommendation on dispositive motions under a de novo standard, § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "De novo review in these circumstances entails at least a review of the evidence that faced the Magistrate Judge; the Court may not act solely on the basis of a report and recommendation." *Spooner v. Jackson*, 321 F. Supp. 2d 867, 869 (E.D. Mich. 2004).

A successful objection specifically identifies the portion of the pretrial order or report and recommendation that the objecting party takes issue with, and then identifies the factual or legal basis of the error. E.D. Mich. Loc. R. 71.1(d)(1); *Robert v. Tesson*, 507 F. 3d 981, 994 (6th Cir. 2007). The objecting party must "pinpoint the Magistrate Judge's alleged errors." *Andres v. Comm'r of Soc. Sec.* 733 F. App'x 241, 244 (6th Cir. 2018). Objections to a report and recommendation that only dispute the general correctness of a report and recommendation are improper. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on*

*other grounds by Andres v. Comm'r of Soc. Sec.* 733 F. App'x 241 (6th Cir. 2018). The objections must go to "factual and legal" issues "that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir. 2002)).

## III. Analysis

Plaintiff filed eleven objections to the Report and Recommendation (objections one through eleven) (Dkt. 62) and three to the denial of his motion to compel and enjoin (objections twelve through fourteen). (Dkt. 63.) Although the objections appear to be over a week late on the docket,

7

plaintiff included the date the objections to the Report and Recommendation were postmarked and the Court assumes that both sets of objections were sent together based on their sequential numbering. Because plaintiff is a pro se prisoner and his objections were postmarked before the July 30, 2018 deadline, the Court treats these objections as timely under the prisoner's mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 273 (6th Cir. 2002). Each objection is addressed individually below, applying de novo review to plaintiff's proper objections to the Report and Recommendation and the clearly erroneous and contrary to law standard to proper objections to the order denying plaintiff's motion to compel and for enjoining the restitution order.

### a. Objections 1, 2, 3, 4, 6, and 7

In objections one, two, three, four, six, and seven, plaintiff points to portions of the Magistrate Judge's fact section and offers a different formulation of the facts, as well as additional facts. (Dkt. 62 at 1-7.) Though plaintiff's objections are specific in terms of which part of the Report and Recommendation he objects to, he fails to state the bases for his objections as Local Rule 71.1(d)(1) and *Robert* require. And contrary to *Andres*, he does not pinpoint how the alleged mischaracterization of

fact affected the Magistrate Judge's analysis of his due process defamation claim. Rather, plaintiff's objection states the facts as he perceives them and would prefer the Magistrate Judge to have characterized them. These objections have no bearing on his due process defamation claim and are denied.

### b. Objection 5

In plaintiff's fifth objection, he corrects a statement of law in his motion for summary judgment. (Dkt. 62 at 4-5.) This is not a proper objection because he does not identify an error the Magistrate Judge made, but one he made. The objection is denied.

### c. Objection 8

Plaintiff's eighth objection is in effect multiple objections which are identified as clearly as possible below based upon plaintiff's sub-headings.

#### i. Sub-heading One (Dkt. 62 at 9-12)

This is a generalized objection to the Magistrate Judge's Report and Recommendation. Plaintiff restates the standard for summary judgment and summarizes parts of his earlier arguments about his due process defamation claim that defendant defamed him by lying in a false

misconduct report, resulting in a guilty determination and a restitution order. (*Id.*) He does not specify the error the Magistrate Judge made as Rule 71.1(d)(1) and *Robert* require. The objection amounts to a dispute as to the general correctness of the portions of the Report and Recommendation plaintiff references and is improper. *Spencer*, 449 F.3d at 725. The objection is denied.

### ii. Sub-heading Two (Dkt. 62 at 12)

Plaintiff states "[i]n objection to the magistrate's statement that – 'a. Defamation without more does not state a due process claim' (*id.* at 12-14) – see Plaintiff's "First" counterpoint above." Plaintiff does not specify the basis of his objection or give any indication what error he believes the Magistrate Judge made, factual or legal. This objection is denied.

### iii. Sub-heading Three (Dkt. 62 at 12-25)

Under this subheading, plaintiff seems to make several objections, which are addressed by page range.

First, plaintiff restates applicable law and summarizes what the Magistrate Judge did in his Report and Recommendation. (Dkt. 62 at 13-14.) This is an improper objection because it does not specifically pinpoint

an error. *See Andres*, 733 F. App'x at 244. To the extent this is an objection, it is denied.

Second, plaintiff asserts that the Magistrate Judge misunderstood his "argument against preclusion" and that the Court has jurisdiction to reconsider the facts. (*Id.* at 14-17.) This objection is proper and warrants de novo review.

The first part of the objection presumably means that the Magistrate Judge improperly determined that the facts found by the misconduct hearing officer were entitled to stand given this Court's previous opinion and order denying defendant's objection that plaintiff had to exhaust his due process defamation claim through the grievance process. (Dkt. 39 at 6-9.) There, this Court held that because plaintiff's defamation claim was "collateral to the misconduct decision itself," it was unnecessary for plaintiff to exhaust his defamation claim. (*Id.* at 7.)

However, plaintiff misunderstands the effect of the Court's earlier opinion and order, which considered the exhaustion of his defamation claim. Exhaustion of grievances is required by state law before a prisoner can seek judicial review of the final decision. Mich. Comp. Laws § 791.255. Now, plaintiff is asking the Court to decide the merits of his

claim, which is properly before the Court because it did not need to be exhausted with the Michigan Department of Corrections. When the Court held that plaintiff's claim did not need to be exhausted in the grievance procedure because it was collateral to the disciplinary hearing, it did not mean that the facts found in the hearing would have no bearing on this claim or that plaintiff could relitigate facts properly found by the hearing officer, even facts related to plaintiff's claim. There is "no previous determination" that the Magistrate Judge needed to consider on this matter. (*See* Dkt. 62 at 15.)

In the second part of the objection, plaintiff asserts that the Court has the jurisdiction to reconsider the facts found by the hearing officer that underlie his due process defamation claim. Presumably, plaintiff means he wishes to litigate the question of whether the report defendant filed was false.[1] (*See id.* at 15-17.) The Magistrate Judge declined to do

---

[1] To establish a due process defamation claim, plaintiff must show defamation and "a further injury, such as . . . loss of a legal right or status[.] [D]efamation, by itself, does not constitute a remedial constitutional claim." *Voyticky v. Village of Timberblake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) (citing *Paul v. Davis*, 424 U.S. 693, 701-03 (1976)); *Mertik v. Blalock*, 983 F.3d 1353, 1362 (6th Cir. 1993). Based on plaintiff's defamation claim as he pleaded it, he could theoretically establish an additional injury from defendant's alleged defamation by showing that a false report implicated a liberty interest, that the restitution order implicated a liberty interest,

so, finding that there was "some evidence in the record supporting the hearing officer's conclusion" that there was misconduct by plaintiff. (Dkt. 57 at 18-19.)

Fact disputes are more properly resolved by the hearing officer. *Gibson v. Rousch*, 587 F. Supp. 504, 506 (E. D. Mich. 1984). "Federal district courts do not sit as appellate courts to review the fact findings of hearing officers in prison disciplinary hearings." *Id.* at 505-06. As long as there is "some evidence" to support the factual findings, the factual findings may stand without violating due process. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455-56 (1985). The misconduct report that defendant filed, the statements of witnesses, the video evidence, and the injuries to the other inmate support the hearing officer's finding. *See Id.* at 455; *Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013). Therefore, plaintiff is not entitled to relitigate the factual findings of the hearing officer.

Plaintiff argues that "the facts alleged by Plaintiff and the facts rendered by the hearing offer can peacefully co-exist" under *University of*

---

or that the restitution order implicated a property interest, and that he was deprived of those interests without due process. (*See* Dkt. 1 at 5-10; Dkt. 24 at 4-7.)

*Tennessee v. Elliot*, 478 U.S. 788 (6th Cir. 1986). (Dkt. 16.) Plaintiff does not point to which facts, however. The basis of plaintiff's defamation claim is that defendant lied about where plaintiff's hands were, and the hearing officer determined that the misconduct detailed in the report was true. Therefore, even if the facts were relitigated and conformed to plaintiff's expectations, the facts plaintiff needs to prove his claim cannot coexist with the facts found by the hearing officer.

Even if newly litigated facts showed the misconduct report was false, it would not satisfy plaintiff's burden to show that in addition to defendant defaming him, plaintiff suffered a further injury through the false misconduct report. "A prisoner has no constitutional right to be free from false accusations of misconduct" alone. *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003). Plaintiff must have been denied adequate procedural due process, in the form of a fair hearing, regarding the false report. *See Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004). Plaintiff does not object to the Magistrate Judge's finding that he was provided due process, and so this objection is moot. The objection is denied.

Third, plaintiff states that he never argued that the findings in his misconduct disciplinary hearing should be overturned; that he should not be penalized for using a "demonstrative argument;" and recounts the series of filings made before the Magistrate Judge and how those filings "concede[ ] to all of Plaintiff's counter-arguments articulated in his Response." (Dkt. 62 at 18-19.) These objections do not point to an error the Magistrate Judge made, and so they are denied.

Fourth, plaintiff objects to the footnote regarding his motion to compel production of video footage (Dkt. 58). (Dkt. 62 at 19 to 21.) This objection is improper because it is a generalized objection—the objection merely states the video is necessary for summary judgment. Even if the objection were proper, as set forth previously, that objection is moot, and it is denied.

### iv. Sub-heading Four (Dkt. 62 at 21-35)

Plaintiff objects to the Magistrate Judge's recommendation that the restitution order does not implicate a liberty or property interest. (Dkt. 57 at 20-25.) First, he points to what the Court previously stated in its earlier opinion and order adopting the Magistrate Judge's first report and recommendation, which indicated that plaintiff had established a due

process defamation claim against defendant. (Dkt. 39 at 9.) The Court stated "the fine in this case is so atypical that the Court could not find any cases in which a plaintiff challenged prison disciplinary cases anywhere near that amount." (*Id.* at 11.) This is a proper objection that warrants de novo review.

As a preliminary matter, plaintiff appears to take this statement as a final decision that the restitution order violated his liberty and property interests. This is incorrect for two reasons. First, the Court's earlier decision was a denial of summary judgment, which is not a final decision on the facts. *See Kovacaevich v. Kent State University*, 224 F.3d 806, 835 (6th Cir. 2000). This case is now at a different stage of litigation because the record has been further developed, and now the second set of summary judgment motions must be decided to determine if there are any material issues of factual dispute for a jury to decide. *Id.* ("District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought.").

Second, the Court's earlier decision did not address whether plaintiff had been deprived of a liberty interest without due process. In

addition to showing that he had a liberty interest implicated by an atypical and significant hardship in the context of prison life, plaintiff must also demonstrate that he was denied that liberty interest without due process.[2] *See McMillian v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005) (citing *Freeman v. Rideo*, 808 F.2d 949, 951 (2d Cir. 1986)). Plaintiff has not properly objected to the Magistrate Judge's determination that he was given the process he was due. It is not enough that the fine may have implicated plaintiff's liberty interest; plaintiff must show that he suffered an undue deprivation of a liberty interest without being afforded the proper notice and opportunity to be heard.

Next, plaintiff objects by arguing that he has a protected liberty and property interest implicated by the restitution order. (Dkt. 62 at 21-25.) Plaintiff has a property interest in his funds, but he again must show that he was deprived of this interest without due process. *See Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997). Plaintiff does not object to the Magistrate Judge's determination that he was not denied due process, and so this objection is moot as well. The objection is denied.

---

[2] Though the Court received and read plaintiff's exhibits and letters regarding his medical records (Dkts. 64, 65), these filings do not affect the outcome on de novo review because plaintiff has not shown he was deprived of due process of law.

### d. Objection 9

Plaintiff objects to the Magistrate Judge's conclusion that it was unnecessary to address defendant's qualified immunity argument. (Dkt. 62 at 26.) Plaintiff adds, "[i]n objection, Plaintiff contends – *see* objection No. 8, 'Fourth' counterpoint.'" The Magistrate Judge did not reach this issue, and so it is unclear what plaintiff objects to. The objection is denied.

### e. Objection 10

First, plaintiff objects to the lack of detail in the Magistrate Judge's reference to "state law claims." (Dkt. 62 at 26.) Then, plaintiff seems to object to the Magistrate Judge's finding that the state law claims convey a private right of action. (*Id.*) Both objections are improper. The first part of plaintiff's objection does not point out a factual or legal error that goes to the heart of the dispute the Magistrate Judge addressed in that portion of his report and recommendation—supplemental jurisdiction over state law claims. *See Thomas*, 474 U.S. at 140; *see generally* 28 U.S.C. § 1367(c). The second part also does not go to the heart of the supplemental jurisdiction issue because whether the state claims could set forth a private cause of action does not affect this Court's discretion to dismiss

state law claims when the case no longer has a federal character. The objection is denied.

### f. Objection 11

Plaintiff objects to the Magistrate Judge's findings that spoliation sanctions are unwarranted in this case. (Dkt. 62 at 27.) Specifically, he takes issue with the video the Magistrate Judge determined he had requested and that defendant had told him was no longer available. If there was confusion about plaintiff's requests and defendant's response, the objection is moot because defendant later clarified that the video still exists. (Dkt. 50 at 5.) The objection is denied.

### g. Objection 12

Plaintiff objects to the Magistrate Judge's denial of his motion to compel video evidence. Much of the objection is general disagreement with the Magistrate Judge's conclusion and that the denial of the motion to compel is "a veiled credibility judgment and weighing of the evidence." (Dkt. 63 at 1-5.) This does not state error. However, plaintiff properly objects when he states that the Court has jurisdiction to reevaluate the facts, presumably by allowing plaintiff to compel the video evidence of the altercation in the cell. This objection to the nondispositive pretrial

order warrants review under the clearly erroneous or contrary to law standard.

Plaintiff points to nothing in his objection that shows the Magistrate Judge's order denying his motion to compel was clearly erroneous or contrary to law. The Magistrate Judge relied on *Mullins v. Smith* for the proposition that a court does not have jurisdiction to "relitigate de novo the determinations made in prison disciplinary settings." 14 F. Supp. 2d 1009, 1012 (E.D. Mich. 1998). This is consistent with this Court's de novo review of the same argument. *Supra,* Section III.c.iii.

Plaintiff makes several arguments, but he does not show the decision was in clear error or contrary to law. First, he argues that Rule 56 permits him to relitigate facts found by the hearing officer, but Rule 56 describes the legal standard and process parties must follow to receive a judgment without trial. Second, plaintiff points again to his argument that his defamation claim is collateral to the disciplinary hearing and that the facts can peacefully coexist. For the reasons set forth above, this argument lacks merit. *See* Section III.c.iii. Therefore, the Magistrate

Judge's decision to deny plaintiff's motion to compel was not clearly erroneous or contrary to law. The objection is denied.

### h. Objection 13

Plaintiff objects to the Magistrate Judge's denial of his motion to compel the production of a copy of his deposition transcript. (Dkt. 62 at 7-10.) Plaintiff argues that the Magistrate Judge did not cite to any binding authority and cites to the Sixth Amendment, Fourteenth Amendment, and Federal Rules of Civil Procedure 5(a)(1), 26(b)(1), 30(e), 32, and 34 to show he is entitled to a free copy of his deposition transcript. This is a proper objection that warrants review under the clearly erroneous or contrary to law standard.

Plaintiff fails to show that the Magistrate Judge's decision was clearly erroneous or contrary to law. The Magistrate Judge cited adequate authority showing that a civil plaintiff is not entitled to a free copy of a transcript and "[a]n indigent plaintiff bears his own litigation expenses." *Green v. Miller*, No. 2:13-cv-14247, 2015 WL 1014914, at *2 (E.D. Mich. Mar. 9, 2015) (alteration in original) (quoting *Dujardine v. Mich. Dept. of Corr.*, No. 1:07-cv-701, 2009 WL 3401172, at *1 (W.D. Mich. Oct. 19, 2009)). Furthermore, under these circumstances, nothing

in the Constitution, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of Michigan entitle plaintiff to a free copy of his deposition transcript. The most plaintiff could have asked for was to review the transcript and make changes within thirty days. Fed. R. Civ. Pro. 30(e). But only if plaintiff pays "reasonable charges" would the court reporter have been obligated to produce a copy of the transcript. *See* Fed. R. Civ. 30(f)(3).

Plaintiff argues that the Magistrate Judge did not cite to binding authority and therefore his denial of his motion to compel was in error. (Dkt. 63 at 9.) In the absence of binding or mandatory authority, courts are free to turn to persuasive authority, as the Magistrate Judge did. *See United States v. Tucker*, 28 F.3d 1420, 14425 (6th Cir. 1994) (looking to other circuits); *King v. Handorf*, 821 F.3d 650, 655 (6th Cir. 2016) (illustrating the general principle that courts may turn to persuasive authority in the absence of mandatory authority). Further, plaintiff does not cite any binding authority that he is entitled to a free transcript of his deposition.

Plaintiff next cites to the Confrontation Clause of the Sixth Amendment and the Fourteenth Amendment Due Process Clause (Dkt.

63 at 8, 10), but his reliance is misplaced. The Confrontation Clause only applies to criminal defendants. *United States v. Collins*, 799 F.3d 554, 576 (6th Cir. 2015) (citing *United States v. Johnson*, 581 F.3d 320, 324 (6th Cir. 2009)). The same prevents him from relying on the Fourteenth Amendment. *Bruce v. Welch*, 572 F. App'x 325, 329 (6th Cir. 2014) ("The Due Process Clause of the Fourteenth Amendment requires fair notice of *criminal charges* sufficient to allow a *defendant* to prepare an adequate defense." (emphasis added)). Moreover, these constitutional provisions are not designed to help him access a copy of his deposition without charge.

Last, the Federal Rules of Civil Procedure do not support plaintiff's argument that he should be given a copy of his deposition transcript free of cost. Rule 5 does not provide for a free copy of the transcript because plaintiff believes that he may need it if he appeals. (Dkt. 63 at 10.) The portion of Rule 26 that plaintiff cites also does not provide for discovery that is free of cost to plaintiff. Rule 30(e) addresses the review of depositions by witnesses for accuracy. Rule 32 describes the use of depositions in court, and Rule 34 details how parties request, respond to, and object to discovery requests. These rules do not accomplish what

plaintiff argues they do. The objection is denied because plaintiff fails to show the Magistrate Judge's decision was clearly erroneous or contrary to law.

### i. Objection 14

Plaintiff objects to the Magistrate Judge's denial of plaintiff's motion to enjoin the restitution order. However, he fails to show that the Magistrate Judge's finding that he did not face an atypical and significant hardship as a result of the restitution order was clearly erroneous and contrary to law standard. The Magistrate Judge points to ample case law in his decision regarding the $8,936.63 restitution order. *E.g.*, *Sturges v. Heyns*, No. 14-cv-14120, 2014 WL 7012671, at *3 (E.D. Mich. Dec. 11, 2014). Plaintiff does not show that this determination was in clear error or contrary to law.

Plaintiff also objects for the first time to the process he was given, which is necessary to show the restitution order deprived him of a liberty interest. *See McMillian*, 136 F. App'x at 820 (citing *Freeman*, 808 F.2d at 951). Plaintiff argues that the Michigan Department of Corrections manual does not permit restitution through false charges and impaired hearings. (Dkt. 63 at 13.) But this begs the question. Plaintiff does not

show that the Magistrate Judge's decision that plaintiff was not denied adequate due process in his disciplinary hearing was clearly erroneous or contrary to law. The objection is denied.

## IV. Conclusion

Accordingly, plaintiff's objections (Dkt. 62) are DENIED and the Report and Recommendation (Dkt. 57) is ADOPTED. Plaintiff's objections (Dkt. 62) to the Magistrate Judge's order denying his motion to compel and for an order enjoying restitution (Dkt. 58) are DENIED. Defendant Barnes' motion for summary judgment is GRANTED.

Dated: October 10, 2018  
    Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 10, 2018.

s/Shawna Burns  
SHAWNA BURNS  
Case Manager